IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DENNIS KELLY, | : | |
| Plaintiff | : | |
| VS. | : | CIVIL ACTION: 5:11-CV-414-MTT |
| BIBB COUNTY GEORGIA, | : | |
| Defendant | : | **ORDER OF DISMISSAL** |

Plaintiff **DENNIS KELLY**, a prisoner at Baldwin State Prison in Hardwick, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. §1983. Plaintiff has not paid the $350.00 filing fee or sought leave to proceed without pre-payment of the filing fee or security therefor pursuant to 28 U.S.C. §1915(a).  Because Plaintiff has not paid the filing fee, the Court will assume he wishes to proceed *in forma pauperis.* After a review of Plaintiff's Complaint, however, the Court finds that it fails to state a colorable claim. The Complaint is, therefore, **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1). Thus, leave to proceed *in forma pauperis* is **GRANTED**, but only for the purpose of dismissal.

### STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity."  Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."  When conducting this review, the Court must accept all

factual allegations in the complaint as true.   Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004).   Pro se pleadings are also "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."   Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

## STATEMENT AND ANALYSIS OF CLAIMS

According to the Complaint in this case, Plaintiff was sentenced in Ware[1] County Georgia for "absconding." He presumably served his sentence and was then released. At that time, Plaintiff went to Toombs County where his probation officer, Jessica Clement, advised Judge Kathy Palmer that Plaintiff had escaped even though he had served his time for absconding. Plaintiff was then sentenced to another year in prison.

The only named Defendant in the case is "Bibb County Georgia." It is entirely unclear how Bibb County has any connection with this case, and Plaintiff makes no allegations against Bibb County in his Complaint. Thus, the sole named Defendant is entitled to dismissal. It is well-settled that a district court properly dismisses defendants where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that connect the defendants with the alleged constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1322 (11th Cir. 2008) (citing Pamel Corp. v. P.R. Highway Auth., 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.").

Though, in some cases, a plaintiff may be permitted to amend his Complaint to correct this type of error, Plaintiff cannot save the present Complaint by merely amending the named defendant. First of all, the events forming the basis of Plaintiff's Complaint

---

1 The Complaint alleges that Plaintiff served his sentence in "War County."   The Court assumes that Plaintiff meant to say Ware County.

occurred in Toombs County, which is located in the Southern District of Georgia. The appropriate defendants also presumably reside in the Southern District of Georgia. Therefore, the Southern District of Georgia is the proper venue for this cause of action, not the Middle District. The Complaint is thus due to be dismissed for improper venue.

Moreover, even if Plaintiff had named the proper defendants and filed this action in the proper venue, his substantive claims are barred under Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L.Ed.2d 383 (1994).   In Heck, the Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254.

Id. at 486-87.   Thus, a prisoner cannot bring a §1983 action which could potentially invalidate a sentence or conviction unless the sentence or conviction in question has previously been reversed, expunged, set aside, or called into question by the issuance of a writ of habeas corpus. Id.

Plaintiff's allegations in this case, if proven, would obviously invalidate his additional one-year sentence.   Because Plaintiff has not alleged that his sentence has been reversed, expunged, set aside, or called into question by the issuance of a writ of habeas corpus, Heck bars all of Plaintiff's §1983 claims related to this sentence. Plaintiff must, therefore, return to the appropriate court and attempt to invalidate his sentence. If Plaintiff should succeed, he may then institute a §1983 action for damages against the proper defendants in the appropriate federal court.

At this time, Plaintiff's Complaint, as filed, fails to state a claim upon which relief may be granted. It is accordingly **DISMISSED** without prejudice under 28 U.S.C. §1915A(b)(1). Leave to proceed *in forma pauperis* is **GRANTED**, but only for the purpose of this dismissal.

**SO ORDERED**, this 24th day of October, 2011.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

jlr